IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORI R. SHARP and REX A. SHARP,

           Plaintiffs,

vs.                                           Case No. 10-CV-2430-SAC

WELLMARK, INC. d/b/a/ WELLMARK
BLUE CROSS AND BLUE SHIELD
OF IOWA,

           Defendant.

MEMORANDUM AND ORDER

This removed case, which seeks only interest, comes before the court on the Sharps' motion to remand the case to state court. The Sharps believe the court lacks federal jurisdiction over their case, which seeks interest under Kansas law on Employee Retirement Income Security Act (ERISA) benefits which Wellmark previously paid to the Sharps pursuant to the parties' settlement agreement in a previous case.

**Background**

Several prior cases have been filed relating to this matter. The Sharps filed the underlying case seeking ERISA benefits from Wellmark in May of 2008, in the United States District Court for the District of Kansas, and that case was assigned to Judge Lungstrum. (No 08-2230). Wellmark filed an unopposed motion to transfer venue to the Southern District of Iowa, which the court granted. Thereafter, the parties settled that case and filed a stipulation of dismissal with prejudice in December of 2009. (No. 08-0294). Wellmark subsequently paid the agreed-upon benefits without entry of a judgment, but paid no interest.

In June of 2010, Wellmark filed a declaratory judgment action in the Southern District of Iowa, citing ERISA, and asking for a determination whether Wellmark owes the Sharps interest. That case is pending. (No. 10-cv-297). The Sharps have moved to dismiss that case because, they contend, it is an anticipatory declaratory judgment action. That motion to dismiss is pending.

In July of 2010, the Sharps filed a state court case in Johnson County, Kansas (No.10-cv-06141) seeking interest on the previously-paid benefits, and citing only Kansas law. Wellmark removed the state case to this court premised solely on a specific jurisdictional grant under ERISA, 29 U.S.C. § 1132(e)(1).[1] See Dk. 1, p. 2, 3. The Sharps then filed the present motion to remand.

**Remand standard**

"[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Those who seek to invoke federal jurisdiction must establish its prerequisites." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir.2008). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir.1997), *citing Shamrock Oil & Gas*

---

[1] Wellmark additionally cites 29 U.S.C. § 1132(f), but that provision merely states that the district courts have jurisdiction without respect to the amount in controversy or the citizenship of the parties to grant certain relief. Wellmark does not rely upon general federal question jurisdiction under § 1331.

*v. Sheets*, 313 U.S. 100, 108, *affirmed*, 31 U.S 100 (1941). Doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert denied*, 516 U.S. 863 (1995) (noting presumption against removal jurisdiction).

Because only state court actions that originally could have been filed in federal court may be removed to federal court, federal-question jurisdiction is required, absent diversity of citizenship. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule usually governs the determination of federal question jurisdiction.

> "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* The rule makes the plaintiff the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "The general rule is that a federal defense, even one relying on the preclusive effect of a federal statute, is not enough to authorize removal to federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

*Felix v. Lucent Technologies, Inc.,* 387 F.3d 1146, 1154 (10th Cir. 2004). ERISA preemption is ordinarily a defense to state law claims, so will not appear on the face of a well-pleaded complaint and therefore will not authorize removal to federal court.

The face of the Sharps' complaint states a claim only under Kansas law for interest. Wellmark, however, invokes the complete preemption exception to the well-pleaded complaint rule. Under that exception, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). For the reasons set forth below, the Court finds this to be such a case.

**Complete preemption exception**

There are two types of preemption under ERISA: conflict preemption under § 514, which is merely "a federal defense that cannot provide the basis for removal jurisdiction," *Felix*, 387 F.3d at 1158; and complete preemption under § 502(a), which can support removal. *Id.* at 1156. The complete preemption doctrine asserted by Wellmark is an exception to the well-pleaded complaint rule. *See Felix*, 387 F.3d at 1154.

> A completely preempted claim "becomes a federal claim and can be the basis for removal jurisdiction." *Coldesina v. Estate of Simper*, 407 F.3d 1126, 1137 (10th Cir.2005). "[A] state law claim is only 'completely preempted' under *Taylor* if it can be recharacterized as a claim under [federal law]." *See Felix v. Lucent Tech., Inc.*, 387 F.3d 1146, 1156 (10th Cir. 2004); *accord Schmeling*, 97 F.3d at 1342 (holding that tension in Supreme Court cases can be resolved by reading "complete preemption" as a term of art--"a description of the specific situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal").

*Turgeau v. Administrative Review Bd.*, 446 F.3d 1052, 1061 (10th Cir. 2006).

The Supreme Court has determined that Congress intended the complete preemption doctrine to apply to state law causes of action which fit within the scope of ERISA's civil enforcement provisions. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). ERISA's "civil enforcement provisions are of such extraordinarily preemptive power that they override even the "well-pleaded complaint" rule for establishing the conditions under which a cause of action may be removed to a federal forum." *Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 376 (2002), quoting *Metropolitan Life,* 481 U.S. at 63-63.) "A state law claim will convert to a federal claim only if the claim is preempted by ERISA and within the scope of ERISA's civil

enforcement provisions." *Carland v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1118-1119 (10th Cir.1991), *cert. denied*, 502 U.S. 1020 (1991), *citing Metropolitan Life*, 481 U.S. at 64.

### The state court petition

The court thus determines whether the plaintiff's state court petition which was removed to this court is completely preempted. The Sharps' state court petition is short and makes no mention of ERISA. Instead, it identifies the parties, and alleges the following:

> Defendant wrongfully failed to pay for health insurance coverage on Plaintiff's minor child so that Plaintiffs had to pay and then sue BCBS for recovery. When BCBS lost, it paid the liquidated amount under its health insurance agreement. But BCBS failed and refused to pay the interest owed under K.S.A. 16-201 and *Lightcap v. Mobil Oil Corp.*, 221 Kan. 448, 468-69, 562 P.2d 1, *cert. denied*, 434 U.S. 876 (1977). This suit seeks to recover that interest.

Dk. 1, Exh. 2, p. 1. The petition then alleges that "Defendant BCBS, under breach of contract, unjust enrichment, and accounting, owes the Plaintiffs $23,390.14, as of July 1, 2010." *Id.*, p. 2.

That the Sharps have pleaded solely in terms of state law is not dispositive of the issue before this court."When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

**Complete preemption**

The Tenth Circuit has noted the extraordinary pre-emptive sweep of ERISA, in stating:

> The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, can be a fruitless and thorny ground for plaintiffs, and many seek to avoid it entirely by bringing their insurance claims under state law. The Supreme Court has increasingly circumscribed such state-law claims, however, finding the pre-emptive sweep of ERISA to be so "extraordinary" that it bars all claims of close relation. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

*Moffett v. Halliburton Energy Services, Inc.*, 291 F.3d 1227, 1237 (10th Cir. 2002).

The ERISA preemption clause provides in pertinent part: "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). This clause establishes a broad area of exclusively federal concern preempting state law claims that "relate to" an employee benefit plan. *See FMC Corp. v. Holliday*, 498 U.S. 52 (1990).

> Thus, the ERISA civil enforcement mechanism is one of those provisions with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life,* 481 U.S., at 65-66, 107 S.Ct. 1542. Hence, "causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Id.*, at 66, 107 S.Ct. 1542.

*Aetna Health*, 542 U.S. at 209. *See Van Hoove v. Mid-America Bldg. Maintenance, Inc.*, 811 F.Supp. 609, 612 (D.Kan.,1993) (finding plaintiff's claim for prejudgment interest under state law preempted by ERISA's civil remedies); *Turnipseed v. Education Management LLC's Employee Disability Plan* 2010 WL 140384, 3 (N.D.Cal.) (N.D.Cal.,2010) (finding claim for prejudgment interest conflict preempted by section

502(a); *Werner v. Primax Recoveries, Inc.*, 2009 WL 302311, 4 (N.D.Ohio 2009), *affirmed,* 365 Fed.Appx. 664 (6th Cir. Feb. 19, 2010) (finding plaintiff's state law claim for prejudgment interest preempted by ERISA);

**Claim within scope of ERISA's enforcement provisions**

The Sharps contend that their claim for interest asserts a legal duty to pay arising under Kansas law independent of ERISA or the plan terms, noting that the Tenth Circuit has at times applied a state's prejudgment interest rate in ERISA claims. This contention is unpersuasive, as the cited cases demonstrate only that when courts find interest to be warranted in ERISA cases, courts have discretion to select an appropriate rate of interest and may look to state law for guidance instead of applying the rate in 29 U.S.C. § 1981(a). *See e.g., Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008).

The cause of action pleaded by the Sharps as authorized by K.S.A. 16-201 and/or *Lightcap v. Mobil Oil Corp.*, 221 Kan. 448 (the authorities cited in the Sharps' petition) does not arise independently of the underlying payment of ERISA benefits. K.S.A. 16-201 establishes the legal rate of interest under Kansas law, where no other rate of interest is agreed upon. *Lightcap* affirms that the loss of use of money may be compensable where caused by another's unreasonable or vexatious delay. 221 Kan. at 466-68.The Sharps' petition does not attempt to remedy any violation of a legal duty independent of the parties' previous ERISA case. Instead, potential recovery of interest under the cited Kansas authorities is dependent upon Wellmark's previous payment of ERISA benefits, and thus relates to such benefits. Because the claim for interest does not arise in a vacuum but is tied to the payment of ERISA benefits, the court, in

determining whether interest is warranted, would necessarily examine the nature of the dispute (ERISA benefits) and the reasons for the delay (which may or may not be affected by the fact that the case involves ERISA benefits). The Sharps invoke laws which arguably provide a form of ultimate relief (money damages in a state tribunal) in a judicial forum that adds to the judicial remedies provided by ERISA (equitable remedies in federal courts). "Any such provision patently violates ERISA's policy of inducing employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred." *Rush Prudential*, 536 U.S. at 379.

The parties agree that neither ERISA nor the relevant Plan expressly mentions interest.[2] The Sharps contend that if their claims are deemed to be implicitly brought under ERISA, they are brought pursuant to 29 U.S.C. § 1132(a)(1)(B), which provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." The Sharps correctly note that state courts have concurrent jurisdiction of actions brought pursuant to this subsection, *see* 19 U.S.C. § 1132(e)(1), but incorrectly suggest that claims brought under this subsection are therefore not subject to removal. Dk. 5, p. 3, n. 1. "The fact that Congress established concurrent jurisdiction for ... claims ... does not preclude removal of such claims under the complete preemption doctrine." *Stephenson v. Wheaton Van Lines, Inc.*, 240 F.Supp.2d 1161 (D.Kan. 2002). Where original

---

[2]Neither party asserts that the parties' settlement agreement in the underlying ERISA case expressly mentioned interest either.

jurisdiction exists in the federal courts, removal is allowed by 28 U.S.C. 1441(a) unless specifically prohibited by act of Congress. *See Gully v. First National Bank*, 299 U.S. 109 (1936). Although the statute gives plaintiffs an initial choice of state or federal forum, it does not guarantee that their choice shall remain undisturbed. *See Beckman v. Graves,* 360 F.2d 148, 149 (10th Cir.1966).

The Sharps primarily contend that since they do not seek recovery under § 501(a)(1)(B), there is no complete preemption. Dk. 5, p. 4; Dk. 10, p. 3, 4. They assert, without citation to authority, that "a prejudgment interest claim is not a claim under § 502(a)." Dk. 5, p. 2. That section permits a suit for "other equitable relief," permitting suit:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan ....

29 U.S.C. § 1132(a)(3) (emphasis added). *See Felix*, 387 F.3d at 1163 (noting that some plaintiffs may be able to bring claims for equitable relief under the catch-all provision of s 502(a)(3)). Federal courts have exclusive jurisdiction of civil actions under this subchapter. *See* 19 U.S.C. § 1132(e)(1).

Contrary to the Sharps' assertion, circuits have authorized an award of interest as a form of equitable relief under § 502(a)(3). *See e.g., Parke v. First Reliance Standard Life Insurance Co.,* 368 F.3d 999, 1006-07 (8th Cir. 2004) (affirming interest pursuant to the theory of accounting for profits under § 502(a)(3))*; Skretvedt v. E.I. DuPont De Nemours,* 372 F.3d 193, 209-10 (3d Cir. 2004) (upholding plaintiff's separate claims for interest with respect to benefits which his employer had already voluntarily

paid; concluding that *Great West* does not preclude a claim under ERISA § 502(a)(3) for restitution by way of a constructive trust); *Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 229 (2d Cir. 2002) ("Where interest is sought to make the plaintiff whole by eliminating the effect of a defendant's breach of a fiduciary duty, we see no reason why such interest should not be deemed 'appropriate equitable relief' within the scope of § 502(a)(3)(B)."); *Clair v. Harris Trust & Sav. Bank*, 190 F.3d 495, 498-99 (7th Cir.1999), *cert. denied*, 528 U.S. 1157 (2000); *Fotta v. Trs. of the United Mine Workers of Am.*, 165 F.3d 209, 213 (3d Cir.1998) (finding § 502(a)(3) to be the appropriate vehicle for a cause of action for interest on delayed payments).

This Court believes that the Tenth Circuit would do the same. In *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1009 (10th Cir. 2008),[3] the Circuit noted that the district court had twice determined that ERISA completely preempted Mr. Weber's state claims. On appeal, however, the appellant contended only that the award of prejudgment interest (15%) was so great as to be punitive and therefore unlawful. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002). In resolving that issue, the Tenth Circuit found:

> Under ERISA, "[p]rejudgment interest is ... available in the court's discretion." *Benesowitz v. Metropolitan Life Ins. Co.*, 514 F.3d 174, 176 (2d Cir. 2007); *see also Allison*, 289 F.3d at 1243 ("The award of prejudgment interest is considered proper in ERISA cases."). This is because ERISA permits a participant to seek "appropriate equitable relief." 29 U.S.C. § 1132(a)(3)(B); *see also Allison*, 289 F.3d at 1243 ("Prejudgment interest is appropriate when its award serves to compensate the injured party and its award is otherwise equitable.")

---

[3]This case was decided after the Supreme Court narrowed the interpretation of "appropriate equitable relief" by its decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 209 (2002).

*Weber*, 541 F.3d at 1009. Even assuming that the Tenth Circuit's statement regarding equitable relief was dicta, this court finds its conclusion to be correct. Accordingly, the Sharps' claim for interest upon Wellmark's prior payment of ERISA benefits is within the scope of ERISA's civil enforcement provisions.[4]

In this case, prejudgment interest is not technically at issue, since no judgment was entered due to the parties' settlement of their ERISA case. This matters not.

> If interest is an appropriate remedy under § 1132(a)(3)(B) to avoid unjust enrichment of a plan provider who wrongfully delays the payment of benefits, the award is appropriate whether a judgment [for payment of the benefits] is obtained or not.

*Parke*, 368 F.3d at 1007. *See Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223 (2nd Cir. 2002). Nonetheless, the same principle of restitution is present whether or not a dispute is litigated to judgment. *Belleville v. United Food and Commercial Workers Intern. Union Industry Pension Fund*, 620 F.Supp.2d 277, 280 -281 (D.R.I. 2008); *See Fotta*, 165 F.3d at 212 ("A late payment of benefits effectively deprives the beneficiary of the time value of his or her money whether or not the beneficiary secured the overdue benefits through a judgment as the result of ERISA litigation.")

**Fee request**

The Sharps' request for fees under 29 U.S.C. § 1447 (c) based on Wellmark's allegedly improvident removal is denied.

IT IS THEREFORE ORDERED that the motion to remand (Dk. 4) is denied.

---

[4] The court finds it unnecessary for purposes of this motion to determine whether the Sharps' cause of action for interest based upon delayed ERISA benefits payments arises under § 1132(a)(1)(B) or, instead, under § 1132(a)(3)..

11

Dated this 12th day of October, 2010, at Topeka, Kansas.

                                                s/ Sam A. Crow
                                                Sam A. Crow, U.S. District Senior Judge